**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| EMMANUEL GAD MAHUKU,　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　Petitioner,　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>v.　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>DAVID WESLING, Field Office Director, )<br>ANTONE MONIZ, Superintendent, Plymouth )<br>County Correctional Facility,　　　　 )<br>DAVID VENTURELLA, Acting Director U.S. )<br>Immigrations and Customs Enforcement,　 )<br>MARKWAYNE MULLIN, U.S. Secretary　 )<br>of Homeland Security,　　　　　　　 )<br>TODD BLANCHE, Acting U.S. Attorney General, )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　Respondents.　　　　 )<br>　　　　　　　　　　　　　　　　 ) | Case No. 1:26-cv-12988<br><br><br>**PETITION FOR WRIT**<br>**OF HABEAS CORPUS**<br><br><br><br>Agency Number: 246-457-841 |

## <u>INTRODUCTION</u>

1.　　　Petitioner Emmanuel Gad Mahuku ("Petitioner" or "Mr. Mahuku") is a citizen and national of the Republic of Congo. He entered the United States pursuant to a valid B-2 visa on or about August 2022.

2.　　　On or about June 2026, Mr. Muhuku was arrested by federal agents while driving to work. After getting a flat tire, he called police for help. Officers approached Mr. Muhuku's car, knocked on his window, and told him that they were there to help. Instead, they were immigration officers. Mr. Muhuku was placed in the custody of U.S. Immigration and Customs Enforcement ("ICE"). He has been detained at Plymouth County Correctional Facility ("PCCF") in Plymouth, Massachusetts ever since.

3.　　　On information and belief, the Department of Homeland Security ("DHS") did not provide Mr. Muhuku with a properly executed Form I-200 Warrant of Arrest.

1

**4.** **Mr. Muhuku respectfully requests that this Court order his immediate release from detention.**

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

6. Venue is proper because Mr. Muhuku is currently detained in the District of Massachusetts.

## PARTIES

7. Petitioner Emmanuel Gad Muhuku is a citizen of the Republic of Congo. He is currently detained at Plymouth County Correctional Facility ("PCCF"). He entered the United States pursuant to a valid B-2 visa on or about August 2022.

8. Respondent David Wesling is the New England Field Office Director for ICE. He is a legal custodian of Mr. Muhuku and is named in his official capacity.

9. Respondent Antone Moniz is the Superintendent of Plymouth and has physical and administrative custody over Mr. Muhuku. He is named in his official capacity.

10. Respondent David Venturella is the Acting Director of ICE. He is a legal custodian of Mr. Muhuku and is named in his official capacity.

11. Respondent Markwayne Mullin is the U.S. Secretary of Homeland Security. He is a legal custodian of Mr. Muhuku and is named in his official capacity.

12. Respondent Todd Blanche is the Acting Attorney General of the United States and administers the Department of Justice, including EOIR, the BIA, and the Immigration Courts.

//

//

## **LEGAL FRAMEWORK**

13.     As a visa entrant, Mr. Muhuku may be detained, if at all, pursuant to 8 U.S.C. § 1226(a).

14.     8 U.S.C. § 1226(a) requires the arrest of immigrants to be effectuated by a warrant issued by the Attorney General of the United States. Under § 1226(a) and its associated regulations, that authority has been delegated to DHS who must issue a Form I-200, Warrant of Arrest.  *See* 8 C.F.R. 1236.1(b).

15.     On information and belief, Mr. Muhuku was not arrested pursuant to a Form I-200, Warrant of Arrest.

16.     Furthermore, Mr. Muhuku cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(1), because Mr. Muhuku does not meet the criteria for Expedited Removal.  *See Make the Road New York v. Noem*, 805 F. Supp. 3d 139, 174 (D.D.C. 2025).

17.     Mr. Muhuku cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(2), including because, as a person already present in the United States, Mr. Muhuku is not currently "seeking admission" to the United States. *Romero,* 795 F.3d at 280-87 (collecting cases).

18.     Mr. Muhuku was not, at the time of arrest, paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A), and therefore Mr. Muhuku cannot "be returned" under that provision to mandatory custody under 8 U.S.C. § 1225(b) or any other form of custody.  Mr. Muhuku is not subject to mandatory detention under § 1225 for this reason as well.

19.     Mr. Muhuku is not lawfully subject to mandatory detention under 8 U.S.C. § 1226(c), including because he has not been convicted of any crime that triggers such detention. *See Demore v. Kim*, 538 U.S. 510, 513-14, 531 (2003) (allowing mandatory detention under § 1226(c) for brief detention of persons convicted of certain crimes and who concede removability).

20.     There is no statutory requirement for Mr. Muhuku to exhaust administrative remedies.  *See Gomes v. Hyde,* 804 F. Supp. 3d 265, 272 (D. Mass. 2025) ("[E]xhaustion is not require by statute in this context.")*; Romero,* 795 F.3d at 278-80.

21.     Accordingly, there is no requirement for Mr. Muhuku to further exhaust administrative remedies before pursuing this Petition.  *See Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, (1st Cir. 1997) (explaining that, where statutory exhaustion is not required, administrative exhaustion not required in situations of irreparable harm, futility, or predetermined outcome).

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of 8 U.S.C. 1226(a) and Associated Regulations
### (Failure to Issue Warrant)

22.     Mr. Muhuku incorporates by references the allegations of fact set forth in the preceding paragraphs.

23.     Mr. Muhuku may be detained, if at all, pursuant to 8 U.S.C. § 1226(a).

24.     Under § 1226(a) and its associated regulations, any detention of Mr. Muhuku must be under the authority of Form I-200, Warrant of Arrest.  *See* 8 C.F.R. 1236.1(b).

25.     Upon information and belief, Mr. Muhuku was not arrested pursuant to a Form I-200, Warrant of Arrest.

26.     Mr. Muhuku's continuing detention is therefore unlawful. *See Rojas Medina v. Moniz*, No. 1:26-cv-11688, Doc. No. 12 (D. Mass. Apr. 15, 2026) (Sorokin, J.) (ordering immediate release where someone in 8 U.S.C. § 1226(a) detention was detained without a warrant); *Nuala Munoz v. Wesling*, No. 1:26-cv-10959, Doc. No. 7 (D. Mass. Feb. 26, 2026) (Murphy, J.) (same).

## PRAYER FOR RELIEF

Wherefore, Mr. Muhuku respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Mr. Muhuku shall not be transferred outside the District of Massachusetts;

(3) Declare that Mr. Muhuku's detention is unlawful;

(4) Issue a Writ of Habeas Corpus ordering Respondents to release Mr. Muhuku immediately unless a Form I-200 Warrant can be produced;

(5) Order that Respondents shall not retaliate against Mr. Muhuku for filing this habeas petition;

(6) Order that Respondents do not re-detain Mr. Muhuku if he is released, unless they make an individualized showing of changed circumstances;

(7) Award Mr. Muhuku's attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law;

(8) Grant any further relief this Court deems just and proper.

Respectfully submitted,

*/s/ Julia Ciachurski*
Julia Ciachurski
BBO# 709052
PAIR Project
98 N. Washington Street, Suite 106
Boston, MA 02114
949-610-3533; jciachurski@pairproject.org
*Pro bono counsel for Petitioner*

Dated: June 30, 2026

## <u>VERIFICATION PURSUANT TO 28 U.S.C. § 2242</u>

I, Julia Ciachurski, declare as follows:

I am an attorney admitted to practice law in the Commonwealth of Massachusetts. Because many of the allegations of this Petition require a legal knowledge not possessed by Petitioner, I am making this verification on his behalf. I have read the foregoing Petition for Writ of Habeas Corpus and know the contents thereof to be true to my knowledge, information, or belief.

I certify under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 30, 2026.


*/s/ Julia Ciachurski*
Julia Ciachurski

## CERTIFICATE OF SERVICE

I, Julia Ciachurski, certify that on this 30th day of June, 2026, I caused a copy of the foregoing Petition to be served on Respondents' counsel via the CM/ECF platform.

*/s/ Julia Ciachurski*
Julia Ciachurski